IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA C. PARKER BROOKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  21-1312 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                              December 20, 2021

Nina C. Parker Brooks ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claim for disability insurance benefits ("DIB").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

I.     **PROCEDURAL HISTORY**

Plaintiff was born on July 31, 1971, and protectively filed for DIB on June 6, 2019, alleging disability as of January 20, 2019, due to musculoskeletal disease, osteoarthritis, pinched nerves in the neck and back, herniated discs in the lower back, neuropathy in the arms, legs, and feet, bone spurs in both shoulders, depression, and anxiety.  Tr. at 127, 225, 252.[2]  After her claim was denied initially, id. at 145-48, and on

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]Plaintiff previously filed an application for DIB which was denied at the initial consideration stage on August 15, 2016.  Tr. at 116, 249.

reconsideration, id. at 150-53, Plaintiff requested a hearing before an administrative law judge ("ALJ"), id. at 154, which took place telephonically on July 30, 2020. Id. at 75-105. On August 19, 2020, the ALJ issued a decision denying Plaintiff's claims. Id. at 56-67. On February 22, 2021, the Appeals Council denied Plaintiff's request for review, id. at 13-15, making the ALJ's August 19, 2020 decision the final decision of the Commissioner. 20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on March 18, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 10, Defendant filed an uncontested motion for remand "to further evaluate Plaintiff's claims, offer the opportunity for a new hearing, and issue a new decision." Doc. 11 ¶ 2.[3]

**II.     DISCUSSION**

Plaintiff challenges the ALJ's 1) determination that her mental impairments were not severe and 2) failure to account for her manipulative limitations and significant fatigue in determining her residual functional capacity ("RFC"). Doc. 10 at 3-10.[4] Because remand is uncontested, I will comment only briefly on Plaintiff's arguments.

---

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

[4]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 10 at 11-12 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

In her August 19, 2020 decision, the ALJ stated that she found Plaintiff's mental health impairments not severe "because the claimant has only recently begun treatment," referring to the treatment records of Edward Szteinbaum, M.D. Tr. at 59 (citing id. at 806-12 - Dr. Szteinbaum treatment records from 4/20/20 - 5/28/20); see also id. at 62 ("there are limited records from only two months in 2020 (April and May), that indicate improvement with treatment"). Review of the record, however, reveals that Plaintiff was treated with clonazepam, Wellbutrin, and sertraline (Zoloft) for mixed anxiety and depressive disorder at the time of her alleged disability onset.[5] Id. at 486 (Internal Medicine Associates – Progress Note dated 1/16/19). This undermines the ALJ's rationale that Plaintiff's mental health impairments did not meet the durational 12-month requirement.

With respect to manipulative limitations, although the ALJ found that Plaintiff could not engage in overhead pushing, pulling, or reaching, she did not include any other manipulative limitations in the RFC assessment. Tr. at 61. Despite Plaintiff's testimony that she suffered from pain and weakness in both arms leading to her hands, and difficulty lifting even a cup of coffee, twisting off the cap of a jar, or holding her keys, id. at 86-88, the ALJ did not include any manipulative limitations related to fine motor skills or the ability to handle or work with small objects. This omission is problematic because

---

[5]Clonazepam is a benzodiazepine used to treat certain seizure disorders and panic disorder. See https://www.drugs.com/clonazepam.html (last visited Dec. 15, 2021). Wellbutrin is an antidepressant. See https://www.drugs.com/wellbutrin.html (last visited Dec. 15, 2021). Sertraline is an antidepressant. See https://www.drugs.com/sertraline.html (last visited Dec. 15, 2021).

the ALJ acknowledged that objective test results provided a basis for Plaintiff's claims of pain and weakness in her upper extremities, including her hands. Id. at 64 ("the record establishes that [Plaintiff] has documented abnormalities on MRI and EMG and has received only mild relief with injections"). Although the ALJ found that Plaintiff's statements were inconsistent with "the examinations and observations [which] do not reflect a level of positive findings that would fully support [Plaintiff's] level of subjective symptoms," id., in coming to this conclusion, the ALJ disregarded several notations by Plaintiff's treating physicians in their examination findings which support Plaintiff's complaints of hand weakness. See, e.g., id. at 511, 676 (2/28/19 - Steve C. Kwasziewski, PA-C of Mercer-Bucks Orthopaedics noting "generalized decreased strength in the upper extremities," a positive Spurling's test,[6] and recommending further studies to determine if symptoms were caused by cervical radiculopathy or carpal tunnel syndrome), 726 (9/14/19 – Monica Mohile, M.D., of Rheumatology Specialty Center noting reduced range of motion and weakness of left (dominant) hand, 4/5 grip strength), 731 (10/10/19 – same). Thus, on remand, the ALJ should re-evaluate the evidence regarding weakness in Plaintiff's hands and include manipulative limitations in the RFC, if appropriate.

Plaintiff also contends that the ALJ failed to appropriately address work-related limitations attributable to her fatigue. A cursory review of the record reveals Plaintiff's repeated complaints of and treatment for insomnia and fatigue. See, e.g., tr. at 686

---

[6] A positive Spurling's test indicates cervical root compression. See https://www.ncbi.nlm.nih.gov/books/NBK493152 (last visited Dec. 14, 2021).

(notation from Michael Dash, M.D., insomnia onset 8/15/18), 467 (7/2/19 – Dr. Dash diagnosis of insomnia), 735 (12/9/19 – rheumatologist Sarah Coleman, M.D., noted fatigue), 786 (3/23/20 – Dr. Coleman notation of fatigue), 808 (4/20/20 – Dr. Szteinbaum notation of reduced sleep, daytime somnolence, reduced energy), 806 (5/28/20 – Dr. Szteinbaum notation of low energy for 7 months).  In her decision, although the ALJ acknowledged Plaintiff's testimony complaining of fatigue, id. at 62, the ALJ did not specifically reject the complaints, nor did she acknowledge the many notations of such complaints in the medical records.  On remand, the ALJ should consider Plaintiff's complaints of fatigue and a medical notation that Plaintiff's trazodone[7] left her tired in the morning.  Id. at 807.

Defendant has asked the court to remand the case to allow an ALJ to further evaluate Plaintiff's claims, which should address the concerns presented in Plaintiff's brief.  Doc. 11 ¶ 2.  Therefore,  I will grant the motion for remand.

## III.   CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand.

An appropriate Order and Judgment Order follow.

---

[7]Trazodone is an antidepressant.  See https://www.drugs.com/trazodone.html (last visited Dec. 15, 2021).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA C. PARKER BROOKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-1312 |

## O R D E R

AND NOW, this 20th day of December, 2021, upon consideration of Plaintiff's brief (Doc. 10), Defendant's Uncontested Motion to Remand (Doc. 11), and the administrative record (Doc. 9), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA C. PARKER BROOKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-1312 |

## **JUDGMENT ORDER**

AND NOW, this 20th day of December, 2021, the Court having separately ordered the remand of this action for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.